IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT TWYMAN, JR., #147435, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:14-CV-10-TMH |
| | ) [WO] |
| | ) |
| KIM THOMAS, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Robert Twyman, Jr. ["Twyman"], an indigent state inmate presently incarcerated at the Kilby Correctional Facility.  In the instant complaint, Twyman alleges that correctional officials have improperly calculated his release date.  Specifically, Twyman maintains that he is entitled to credit on his sentence for time served on parole from issuance of a declaration of delinquency by the Alabama Board of Pardons and Paroles in June of 1998 until his return to the custody of Alabama officials for parole revocation proceedings in March of 2004 - a period of 6 years, 6 months and 2 days.[1]  In support of his claim, Twyman argues

---

[1] In a prior federal civil rights action, Twyman advised that the 1998 parole delinquency issued because of new criminal charges lodged against him for offenses committed in Cobb County, Georgia on March 27, 1998. *Twyman v. Hill, et al.*, 2:04-CV-702-MEF-CSC (M.D. Ala. 2004) - *Complaint - Doc. No. 1* at 3.  Twyman also alleged that these criminal charges "were settled in the Superior Court of Cobb County, Georgia on September 15, 1998" with that court making no decision with respect to "violating plaintiff's Alabama parole."  *Id.* at 3-5.

that the Alabama Department of Corrections improperly considers this time as "dead time" - time for which a prisoner does not receive credit towards his sentence - in determining his release date.[2]

## II.  DISCUSSION

When he filed this case, Twyman also filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

---

[2] The law relevant to "dead time" is set forth in *Ala. Code* § 15-22-32(a). Under this section, once the parole board declares "the prisoner to be delinquent, ... [the] time owed [on the relevant sentence] shall date from the delinquency.... **The delinquent parolee shall be deemed to have begun serving the balance of the time required on the date of his or her rearrest as a delinquent parolee**." (emphasis added). "This allows a parolee credit for time served against [the controlling sentence for which he is on parole only] when he is rearrested as a delinquent parolee." *Ex parte Upshaw*, 2013 WL 1777716, *4 (Ala. 2013). At the time of his Georgia arrest, Twyman "was not rearrested as a delinquent parolee. Instead, [Twyman] was arrested on new charges in Georgia and was [thereafter] declared delinquent [by the Alabama parole board] because by committing the offenses that resulted in those new criminal charges [Twyman] had violated the terms of his parole.... However, his liberty was not restrained [for purposes of the parole violation] until he was rearrested by Alabama authorities.... That is, his liberty was not restrained in connection with his delinquency until he was subsequently arrested by Alabama authorities as a delinquent parolee." *Id*. Under the facts relevant to Twyman's parole delinquency, i.e., the Alabama parole board declared Twyman delinquent in June of 1998 due to new Georgia criminal charges and he was not rearrested as a delinquent parolee until sometime in March of 2004, it appears that § 15-22-32 does not permit the provision of sentence credit to Twyman for the time period sought in this complaint.

imminent danger of serious physical injury."[3]

The records of the federal courts located in the State of Alabama establish that Twyman, while incarcerated or detained, has on at least three occasions had civil actions or appeals dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The cases on which this court relies in finding a violation of § 1915(g) by the plaintiff are: (1) *Twyman v. Zeek, et al.*, Case No. 5:90-CV-1772-ELN-RRA (N.D. Ala. 1992) (appeal frivolous); (2) *Twyman v. Evans*, Case No. 2:91-CV-1369-WHA-CSC (M.D. Ala. 1994) (civil action frivolous); and (3) *Twyman v. Hill, et al.*, Case No. 2:04-CV-702-MEF-CSC (M.D. Ala. 2005) (civil action and appeal frivolous).

In the instant complaint, Twyman challenges the calculation of his release date. The factual allegations presented herein utterly and completely fail to demonstrate that Twyman was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed at least

---

[3] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

three frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).). Based on the foregoing, the court concludes that Twyman's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Twyman failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to [summarily] dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").[4]

---

[4] The plaintiff is advised that even were he to submit the requisite filing fee, well established federal law would prohibit this court from considering challenges to the duration of his confinement in this 42 U.S.C. § 1983 as habeas corpus is the exclusive remedy for such claims. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement..., even though such a claim may come within the literal terms of § 1983."); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (A prisoner's request for either declaratory relief or monetary damages arising from an action impacting the duration of his confinement that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless the adverse action has previously been overturned in an appropriate proceeding.); *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)."). Consequently, Twyman "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the ground of the challenge."). Moreover, it is well settled "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

### III.  CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by the plaintiff (Doc. No. 2) be and is hereby DENIED.

Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.  It is further

ORDERED that **on or before February 10, 2014**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of January, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE